11th Court of Appeals
Eastland, Texas
Opinion
 
Gary Keith Williams a/k/a Gary K. Williams
            Appellant
Vs.                  No. 11-03-00142-CR – Appeal from Collin County
State of Texas
            Appellee
 
            The jury convicted Gary Keith Williams a/k/a Gary K. Williams of aggravated assault. The
trial court found the enhancement paragraphs to be true and assessed appellant’s punishment at 28
years confinement. We affirm.
            In his second point of error, appellant contends that the evidence is factually insufficient to
support his conviction. In order to determine if the evidence is factually sufficient, we must review
all of the evidence in a neutral light and determine whether the evidence supporting guilt is so weak
as to render the conviction clearly wrong and manifestly unjust or whether the evidence supporting
guilt, although adequate when taken alone, is so greatly outweighed by the overwhelming weight of
contrary evidence as to render the conviction clearly wrong and manifestly unjust. Vasquez v. State,
67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Cain
v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App. 1996). 
 We review the fact finder’s weighing of the evidence and cannot substitute our judgment for that of
the fact finder. Cain v. State, supra; Clewis v. State, supra. Due deference must be given to the jury’s
determination, particularly concerning the weight and credibility of the evidence. Johnson v. State,
23 S.W.3d 1 (Tex.Cr.App.2000); Jones v. State, 944 S.W.2d 642 (Tex.Cr.App.1996), cert. den’d, 522
U.S. 832 (1997). This court has the authority to disagree with the fact finder’s determination “only
when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest
injustice.” Johnson v. State, supra at 9.
            The victim, appellant’s wife of 28 years, testified at trial that, when she returned home on
April 19, 2002, appellant and their youngest daughter, Kim, had been arguing. Appellant went to
take a shower, and the victim took their granddaughter outside. The victim heard yelling from inside
the house. The victim saw appellant’s mother, who lived next door, coming to the house. The
victim testified that Kim came outside to call the police. When the victim went into the house, she
saw their oldest daughter “slouched” on the couch and appellant and their son “facing off.” The
victim grabbed appellant’s arm to prevent him from hitting their 16-year-old son. Appellant’s
mother restrained appellant to control him. Appellant and his mother left the house. The police
arrived, talked to the parties, and left without making any arrests. 
            The victim testified that she went to appellant’s mother’s house to talk to appellant. 
Appellant and the victim began arguing, and appellant’s mother asked them to go inside so the
neighbors would not hear the argument. The victim testified that appellant backed her into the
kitchen and up against the refrigerator. She stated that appellant hit her in the arm and in the breast 
with his fist and that she started to scream. Appellant then put his hands around her throat and began
to choke her. Appellant retrieved a butcher knife which he held to the victim’s throat. Appellant
told the victim that he would “slit [her] throat, and he would go get messed up and not give it another
thought.” Appellant’s mother walked in and instructed appellant to put down the knife. Appellant
told the victim that “[his] mama saved [the victim] this time.” Appellant then left, but the victim
stayed at his mother’s house. 
            The victim later left appellant’s mother’s house and stayed with a friend. After a couple of
days, she went to talk to Deleon Wright, appellant’s parole officer, about the incident. Christine
Templin took pictures of the victim’s injuries while the victim was at Wright’s office. After meeting
with Wright, the victim called the police. The victim later filed three affidavits of nonprosecution.
The victim admitted that appellant helped her with the wording of the first affidavit and that he wrote
the third affidavit himself and instructed the victim to sign it. The victim testified at trial that she
did not want appellant to get in trouble. 
            Appellant specifically argues that the evidence is factually insufficient to prove that appellant
threatened the victim with a knife. The victim testified that appellant put a butcher knife to her
throat and told her that he would slit her throat and not give it another thought. After appellant’s
mother came into the kitchen and told appellant to put the knife down, appellant told the victim that
his mother had saved her that time. The jury is the sole judge of the credibility of the witnesses and
the weight to be given their testimony. TEX. CODE CRIM. PRO. ANN. arts. 36.13 & 38.04 (Vernon
1979 & 1981); Wesbrook v. State, 29 S.W.3d 103 (Tex.Cr.App.2000), cert. den’d, 532 U.S. 944
(2001). Viewing all of the evidence, we do not find that the verdict is so contrary to the
overwhelming weight of evidence as to be clearly wrong and manifestly unjust. Clewis v. State,
supra. Appellant’s second point of error is overruled.
            In his first point of error, appellant contends that the trial court erred in admitting the expert
testimony of Jan Langbein, Executive Director of the Genesis Women’s Shelter. Langbein testified
outside the presence of the jury detailing her qualifications as an expert and giving the substance of
her testimony. Appellant objected that the testimony was not relevant. The trial court sustained the
objection in part and overruled it in part. The trial court then gave very specific instructions
concerning Langbein’s testimony. The trial court instructed Langbein that she could testify as to why
victims in general change their minds concerning prosecution of domestic abuse. The trial court
stated that Langbein could discuss as reasons for not prosecuting abusers: concern over whether the
court could protect the victim, the shame involved, and cultural reasons. The trial court specifically
instructed Langbein not to give any implication that there had been previous episodes of domestic
abuse involving appellant and the victim because the record did not support such testimony.             In her testimony before the jury, Langbein stated that it was common for victims of domestic
abuse to change their minds about prosecuting the abuser. She stated that a victim will typically
change her mind because “she hopes that it will just go away” and because she has been “coerced
to change her mind.” Langbein stated that she had not spoken to the victim or reviewed any police
reports concerning the altercation. 
            Evidence is relevant if it has any “tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable.” TEX.R.EVID. 401. 
An expert witness may testify when “scientific, technical, or other specialized knowledge will assist
the trier of fact to understand the evidence or to determine a fact in issue.” TEX.R.EVID. 702. The
jury heard evidence that the victim initially contacted the police about the assault and then later filed
three affidavits of nonprosecution. The jury also heard evidence that appellant discussed the
affidavits of nonprosecution with the victim and wrote one of the affidavits himself. Langbein’s
testimony was relevant to help the jury understand the victim’s actions. Because the trial court
carefully limited Langbein’s testimony, the probative value of the testimony was not outweighed by
the danger of unfair prejudice. TEX.R.EVID. 403. The trial court did not abuse its discretion in
admitting Langbein’s testimony. See Wyatt v. State, 23 S.W.3d 18, 27 (Tex.Cr.App.2000).
Appellant’s first point of error is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
June 24, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.